Per Curiam.

It is conceded that the relator filed with respondent valid nominating petition papers containing 80 valid signatures. A valid petition or petition papers containing 100 valid signatures are necessary to place relator’s name on the ballot at the 1962 primary election. Section 3513.05, Revised Code.
Directly in issue here is relator’s nominating petition paper marked “exhibit D.” If it is good, there are enough valid signatures to supply the number of signatures relator needs to place his name on the ballot.
Although the disputed petition contains 28 names, its circulator swore in his affidavit that the number was 27. Respondent being in doubt concerning this petition requested the opinion of the Secretary of State of Ohio. In a letter, the secretary replied as follows: “The * * * petition contains 28 signatures while the circulator has sworn that 27 of the signatures were, placed thereon in his presence. Without any indication of which one was placed on the petition outside his presence they must all be considered invalid.”
Respondent accepted the opinion of the Secretary of State and notified relator by letter that the petition was rejected and that his name would “not appear on the May 1962 primary election ballot as a candidate for Democratic State Representative. ’ ’
Thereafter a hearing was requested by relator, and the same was held before the respondent. At such hearing, the circulator of the petition in question appeared, was. sworn and testified. He stated that all 28 signatures on the petition were *323 signed in his presence, but that, since one of them was by an individual from Preble County, he knew that such signature would not count, and for such reason the number, “27,” was inserted by the notary public who administered the oath to him. This was the only testimony presented at the hearing.
A motion was made, seconded and carried that the opinion theretofore expressed by the Secretary of State be approved and the petition rejected.
However, at the time the Secretary of State was contacted and gave his opinion, it was based on the facts then before him as presented by respondent. Subsequently an uncontradicted and plausible explanation under oath was made to respondent, and, with the information it then had, it, by its members, was under the duty to make an independent decision. • The duties of boards of elections are prescribed by statute. Section 3501.11, Bevised Code, recites in part:
“Each board of elections shall exercise * * * all powers granted to such board * * * shall perform all the duties imposed by law, and shall:
< 6 # # *
“ (K) Beview, examine, and certify the sufficiency and validity of petitions and nomination papers * * *.”
Section 3513.05, Bevised Code, provides, inter alia:
“* * * Petitions containing signatures of electors of more than one county shall not thereby be declared invalid. * * * the board shall determine the county from which the majority of signatures came, and only signatures from this county shall be counted. Signatures from any other county shall be invalid.
< < * # #
“* * * each board shall * * * examine and determine the validity or invalidity of the signatures on the petition papers * * * fifed with it * * *. ”
In view of the facts recited above and the statutory provisions quoted, we think that the determination made by the board against the validity of the petition was too technical, unreasonable and arbitrary — in short, an abuse of discretion — and that upon the facts which respondent had in its possession it was under the clear legal duty to approve and accept the petition and place relator’s name on the primary ballot as a candidate for nomination to the office he seeks.
*324 In the circumstances disclosed, this court is not substituting its judgment for that of the respondent but is declaring the clear duty which rested on the respondent. See paragraph two of the syllabus in State, ex rel. Higgins, v. Brown, Secretary of State, 170 Ohio St., 511, 166 N. E. (2d), 759. Therefore, the judgment of the Court of Appeals is reversed, and this court, now rendering the judgment which the Court of Appeals should have rendered, directs respondent to comply with the prayer of relator’s petition.

Judgment reversed.

Zimmerman, Taet, Matthias, Bell, Griffith and.O’Neill, JJ., concur.
Griffith, J., of the Seventh Appellate District, sitting by designation in the place and stead of Herbert, J.